**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **DAVID POTTS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO.** |
| | : | **3:08-cv-01668 (VLB)** |
| **SEPTIC HEATER COMPANY,** | : | |
| **Defendant.** | : | **July 13, 2009** |

**MEMORANDUM OF DECISION ON**
**DEFENDANT'S MOTION TO DISMISS [Doc. #14]**

The defendant, Septic Heater Company ("Septic"), moves pursuant to Fed.
R. Civ. P. 12(b)(2) to dismiss this patent infringement action filed by the plaintiff,
David Potts, for lack of personal jurisdiction. For the reasons given below, the
Court TRANSFERS this action to the United States District Court for the District of
Minnesota and DENIES the motion to dismiss as moot.

The following facts are relevant to Septic's motion to dismiss. Potts is a
Connecticut citizen who obtained a patent titled "heating a leach field" on
November 9, 2004. [Doc. #16, Ex. C] Septic is a Minnesota corporation and has
its principal place of business in North Dakota. Septic obtained a patent titled
"heating system and method for prevention of septic system freeze-up" on March
22, 2005. [Doc. #16, Ex. B] Pursuant to that patent, Septic sells two models of a
septic heater system that prevents septic systems from freezing in winter. In the
present case, Potts claims that Septic's heater systems infringe his patent.

Christopher Norgaard, the president of Septic, has submitted an affidavit in

support of Septic's motion to dismiss Potts's lawsuit.  [Doc. #16]  According to that affidavit, Christopher Norgaard and his wife, Jennifer Norgaard, Septic's vice-president, are Septic's only officers, and they have never traveled to Connecticut.  Septic has never been registered to transact business in Connecticut and has no registered agent for service of process in Connecticut. Septic does not lease or own property in Connecticut and has no mailing address, post office box, telephone number, bank accounts, or employees in Connecticut.

Christopher Norgaard also avers that Septic markets its products primarily in the Midwest and Alaska at trade shows and state fairs.  Septic particularly focuses on Minnesota and Wisconsin because those states require septic pipes to be buried at a shallow depth, which increases the likelihood of freezing.  Septic has sold 629 septic heater systems in nearly 30 states and Canada, but most sales have been made to customers in Minnesota (60.41 percent of all sales), Wisconsin (17.65 percent), Alaska (4.77 percent), and Colorado (3.66 percent). Septic has made only one sale in Connecticut, on January 18, 2008, but Septic was not involved in installing its product in Connecticut.

Septic also maintains a website that provides information about the company and its products.  The website lists Septic's postal address, e-mail address, and telephone number but does not allow customers to place orders through the website.  The website includes a page titled "Where is Freeze-up a Concern in North America?"  [Doc. #20, Ex. 1]  The accompanying map shows a

2

line drawn through North America, indicating that Alaska, most of Canada, and the north central part of the United States are primarily where freezing is a concern that can be addressed with Septic's products.  The line cuts through New York and Massachusetts, leaving Connecticut below, in the area where freezing is apparently not a concern.  The website also provides testimonials from customers in Minnesota, Wisconsin, and Alaska.

The Court turns to the law governing Septic's motion to dismiss for lack of personal jurisdiction.  In a patent infringement case, the law of the Federal Circuit applies to a personal jurisdiction challenge.  See <u>Pennington Seed, Inc. v. Produce Exchange No. 299</u>, 457 F.3d 1334, 1338 (Fed. Cir. 2006) ("We review personal jurisdiction issues in a patent infringement case under Federal Circuit law.").  The Court must "accept a plaintiff's well-pleaded factual allegations as true and draw all reasonable inferences in its favor."  <u>Id.</u> at 1338.  "When personal jurisdiction is challenged, however, the plaintiff has the burden of showing that jurisdiction exists."  <u>Iowa State Univ. Research Found., Inc. v. Greater Continents, Inc.</u>, 81 Fed. Appx. 344, 349 (Fed. Cir. 2003).  To establish the existence of personal jurisdiction, the plaintiff must show that (1) the Connecticut long-arm statute permits jurisdiction over the defendant and (2) the exercise of jurisdiction comports with due process.  <u>Pennington Seed</u>, 457 F.3d at 1343-44.

The Connecticut long-arm statute, Conn. Gen. Stat. § 33-929(f), provides:

> Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation

3

is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows:  (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

The Connecticut long-arm statute indicates that this Court could exercise jurisdiction over Septic only if Potts's patent infringement action arises out of (1) a contract made or performed in Connecticut; (2) business solicited by Septic in Connecticut; (3) Septic's production, manufacture, or distribution of goods used in Connecticut; or (4) tortious conduct by Septic in Connecticut.  The first option does not apply to this case because there is no contract at issue.  The third option does not apply because Potts's complaint does not link the alleged infringement specifically to Septic's one sale in Connecticut.  The fourth option also does not apply because Septic's allegedly tortious conduct did not occur in Connecticut.  Connecticut law does not extend jurisdiction over foreign corporations, as distinguished from individuals, for tortious acts committed outside the state that injure a person in Connecticut.  Compare Conn. Gen. Stat. § 33-929(f) with § 52-59b(a).

4

As to the second option, Potts argues that Septic's website and one sale in Connecticut show that Septic solicits business in Connecticut.  However, Septic's website is limited to providing information about the company and its products.  The website requires potential customers to contact Septic by other means in order to purchase products.  The website is therefore "passive" and does not support the exercise of personal jurisdiction.  See <u>Am. Wholesalers Underwriting, Ltd. v. Am. Wholesalers Ins. Group, Inc.</u>, 312 F. Supp. 2d 247, 254-55 (D. Conn. 2004) ("Exercising personal jurisdiction . . . predicated upon the maintenance of a passive web site is not proper. . . .  The [defendant's] web site requires a potential customer to initiate contact with [the defendant] by telephone, mail, or email, and customers cannot directly purchase any product through the web site.  As such, the [defendant's] site is 'passive,' and therefore personal jurisdiction does not lie on this basis.").  See also <u>Best Van Lines, Inc. v. Walker</u>, 490 F.3d 239, 251-52 (2d Cir. 2007) (explaining that the level of interactivity of a website tends to show whether the defendant is transacting business or purposefully availing itself of the privilege of conducting activities in the forum state).

Furthermore, the website is not targeted specifically toward Connecticut, as demonstrated by the exclusion of Connecticut from the area of the website's map showing where freezing is a concern that can be addressed with Septic's products.  See <u>Am. Wholesalers Underwriting</u>, 312 F. Supp. 2d at 256-57 (finding that advertisements in national trade publications were not specifically targeted

5

toward Connecticut and thus did not confer personal jurisdiction over the defendant in that case).  Because Connecticut's long-arm statute does not confer personal jurisdiction over Septic, there is no need to proceed to the second part of the jurisdictional analysis, namely, whether the exercise of jurisdiction comports with due process.

Having determined that personal jurisdiction over Septic is not available in the District of Connecticut, the Court notes that venue in this district is also improper pursuant to 28 U.S.C. § 1391(b), which provides:  "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  A defendant corporation "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction . . . ."  28 U.S.C. § 1391(c).  In the present case, Septic does not reside in Connecticut, and the events giving rise to Potts's claim did not occur in Connecticut.

When venue is improper, 28 U.S.C. § 1406(a) provides:  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  "[L]ack of personal jurisdiction [can] be cured by transfer to a district in which personal jurisdiction [can] be

6

exercised, with the transfer authority derived from . . . [§] 1406(a) . . . ."

SongByrd, Inc. v. Estate of Grossman, 206 F.3d 172, 179 n.9 (2d Cir. 2000).

This Court concludes that it is in the interest of justice to transfer this case rather than to dismiss it.  Septic's motion to dismiss is therefore DENIED as moot.  The Clerk is directed to TRANSFER this case to the United States District Court for the District of Minnesota and to CLOSE this file.

IT IS SO ORDERED.

_____/s/_____
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut:  July 13, 2009.

7